UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-mc-00048-FDW

| | |
|---|---|
| IN RE: COVID-19 ADMINISTRATIVE ORDER REGARDING CRIMINAL JURY TRIALS AND OTHER MATTERS | ORDER |

THIS MATTER is before the Court *sua sponte* in response to the recent outbreak of novel coronavirus in the United States and the State of North Carolina. The World Health Organization has declared that COVID-19 qualifies as a global pandemic, having spread across nearly every country with more than 163,000 cases reported in the United States. <u>Coronavirus Disease 2019 (COVID-19)</u>, Centers for Disease Control and Prevention (Mar. 31, 2020), https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. The United States District Court for the Western District of North Carolina has been closely monitoring the outbreak of the novel coronavirus, including careful monitoring of the continued guidance from the Centers for Disease Control and Prevention ("CDC"). The CDC has described the outbreak in the United States as a "rapidly evolving situation" and is providing continuously updated guidance as to the appropriate community response to COVID-19 as conditions worsen. The CDC's guidance includes multiple types of mitigation strategies generally aimed at reducing or avoiding exposure to infected individuals. Moreover, the President of the United States has declared the pandemic constitutes a national emergency, and the Governor of North Carolina has declared a state of emergency for the State, resulting in stay-at-home guidelines released by the White House valid through April 30, 2020, and a stay-at-home order for the State of North Carolina, in effect through April 29, 2020. <u>See</u> N.C. Exec. Order No. 121, Stay at Home Order and Strategic Directions for

1

North Carolina in Response to Increasing COVID-19 Cases (Mar. 27, 2020), https://governor.nc.gov/documents/executive-order-no-121.  The Governor of North Carolina additionally directed that all North Carolina public schools remain closed through at least May 15, 2020.  See N.C. Exec. Order No. 120, Additional Limitations on Mass Gatherings, Restrictions on Venues and Long Term Care Facilities, and Extension of School Closure Date (Mar. 23, 2020), https://governor.nc.gov/documents/executive-order-no-120.  In response, the Court has already issued several orders in an effort to promote these mitigation strategies.  See Doc. No. 1 (IN RE: RESTRICTIONS ON VISITORS TO COURTHOUSES (March 17, 2020)); Doc. No. 2 (IN RE: COURT OPERATIONS HOURS DUE TO COVID-19 (March 23, 2020)); and Doc. No. 3 (IN RE: VIDEO TELECONFERENCING FOR CRIMINAL PROCEEDINGS UNDER CARES ACT (March 30, 2020)).

The conditions continue to evolve.  As of the date of this Order, there have been 1,584 confirmed cases of coronavirus within the State of North Carolina, with ten of those cases resulting in death.  COVID-19 North Carolina Dashboard, North Carolina Department of Health and Human Services (Apr. 1, 2020, 11:00 AM), https://www.ncdhhs.gov/covid-19-case-count-nc.  The Western District of North Carolina has been hit hard by the virus, as well.  For example, Buncombe, Iredell, and Mecklenburg Counties—the counties that house federal courthouses of the Western District—have reported 20, 25, and 444 cases, respectively.  Moreover, the CDC notes that community transmission of the virus in North Carolina is "widespread," meaning the transmission is prevalent across the entire state.  Coronavirus Disease 2019, supra.  Populations identified by the CDC who are particularly vulnerable include many members of the public who form our jury pools, members of our Bar, Court staff, and Judges.  The Court is concerned for the

health and safety of the public, Court employees, staff of other entities with whom Court personnel interact, litigants, counsel, interpreters, law enforcement officials, and jurors, who must work in close quarters to hear evidence and to deliberate.

Given the severity of the risk to the persons listed above by the spread of coronavirus in the Western District of North Carolina, and taking into consideration matters of public health, in order to reduce the size of public gatherings and the need for travel, IT IS THEREFORE ORDERED:

1. All United States Courthouses in the Western District of North Carolina will remain open for business, subject to certain limitations outlined in the Court's prior orders or as otherwise directed by a presiding judge in a United States Courthouse.

2. All criminal jury trials scheduled to begin on any date from now through June 1, 2020, are CONTINUED, to a date to be reset by each presiding judge. All other hearings, conferences, and/or proceedings are subject to the discretion of the individual judge presiding over the proceeding.

3. Due to the Court's reduced ability to obtain an adequate spectrum of jurors, and due to the reduced availability of attorneys and Court staff to be present in courtrooms because of the public health considerations described above, the time period of the continuances implemented by this Order are excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Under this provision, the Court may grant a continuance *sua sponte*, the period of delay of which is excludable from the Speedy Trial Act's requirements, provided that the Court sets forth reasons the ends of justice served by the granting of the continuance outweigh the interests of the public and the defendant. Id. The statutory text does not

prohibit a blanket order such as this in times of public health emergency, nor is the Court aware of any such prohibition developed through caselaw, at least where individual judges retain discretion to rule on related motions as appropriate. See generally In re Extension to the Modifications of Court Operations: Supplement to General Orders 2020-02 and 2020-03, No. 2:20-mc-7, 2020 WL 1441770 (Mar. 24, 2020). In light of the circumstances described above, and after considering the factors outlined in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by ordering these continuances outweigh the best interests of the public and each defendant's right to a speedy trial. The Court finds the increasingly stringent responses from various branches and levels of government, to include the statewide "stay home" orders, as well as the growing number of COVID-19 cases confirmed within this District, and the ongoing recommendations from health officials regarding the immediate need to limit gatherings and person-to-person contact, mandate swift action to protect the public health and outweighs the rights of the impacted defendants, and the public, to a speedy trial. Indeed, the best interests of the public are served by these continuances, and the failure to grant such a continuance would prevent the completion of full and fair jury proceedings and result in a miscarriage of justice. Thus, the time period from the date of this Order and the expiration thereof is hereby excluded from the speedy trial calculations.

4. Any motion by a criminal defendant seeking an exception to this Order to exercise the right to a speedy trial must be directed to the district judge presiding over the defendant's case. Additionally, should any speedy trial motions or challenges associated with the findings in this District-wide Order be challenged in any individual case, the presiding Judge is

encouraged to make any necessary case-specific assessment and findings and memorialize such findings in the record of such case. Cf. 18 U.S.C. § 3161(h)(7)(A).

5. Grand juries in the Western District of North Carolina will only sit for one day during a session until further notice. The U.S. Attorney is requested to file a motion and proposed order in all criminal matters in which an indictment is delayed, or purportedly delayed, due to the limited sittings of the grand jury. See Zedner v. United States, 547 U.S. 489, 506 (2006).

6. Individual judges may continue to hold in-person hearings and proceedings, but counsel may seek relief from those matters by appropriate motions. The parties may seek to participate in hearings and proceedings by telephone or video as appropriate. This Order does not impact any judge's discretion to manage the courtroom as the judge believes is legally appropriate based on public health considerations.

7. Magistrate judges will continue to preside over criminal matters pursuant to the Court's prior order from March 30, 2020. (Doc. No. 3).

8. Any events involving the Court that are not case-specific, including but not limited to naturalization ceremonies, continuing legal education courses, public tours, and public administration of oaths to attorneys which are scheduled to occur between the date of this Order and June 1, 2020, are hereby CANCELLED and will be rescheduled as appropriate.

9. All United States Probation Offices will remain open.

10. Many employees, including some of chambers staff, will be teleworking, but are accessible by phone. Electronic filings may continue to be made through the CM/ECF system. Intake counters remain open for paper filing, pending further order of the Court or as otherwise

directed by a presiding judge in a United States Courthouse.

11. Unless extended, this Order will remain in effect through June 1, 2020, or the time period described in the Court's March 30, 2020, Order (Doc. No. 3), whichever is earlier.

IT IS SO ORDERED.

Signed: April 1, 2020

Frank D. Whitney
Chief United States District Judge