UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

IN RE:                                         \*
VIDEO TELECONFERENCING FOR     \*     No. 3:20-mc-00048
CRIMINAL PROCEEDINGS UNDER      \*
CARES ACT                             \*
                                                \*
                                            \*\*\*\*\*

## **STANDING ORDER**

WHEREAS, on March 13, 2020, the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID–19) and the President has not rescinded this declaration; and

WHEREAS, the Governor of the State of North Carolina has declared a public health emergency throughout the State of North Carolina in response to the spread of the coronavirus; and

WHEREAS, on March 29, 2020, the Judicial Conference of the United States found that emergency conditions, due to the national emergency declared by the President with respect to COVID–19, will materially affect the functioning of the Federal courts generally and the Judicial Conference has not rescinded this finding; and

WHEREAS, on March 27, 2020, the President signed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) vesting certain authority in the Chief Judge of a United States District Court covered by the Judicial Conference's finding; and

WHEREAS, this Court entered a Standing Order on March 30, 2020 [Doc. 3, 3:20-mc-048] (the March 30 Standing Order) in accord with the CARES Act and said findings and declarations, which Standing Order expired by its terms on June 29, 2020, which Order was extended through September 24, 2020, [Doc. 6], and extended again through December 23, 2020

1

[Doc. 8], with one amendment [Doc. 9]; and

WHEREAS, many of the concerns regarding COVID-19 remain, even though substantial actions have been undertaken by this Court to reduce the negative effects and dangers of other aspects of COVID-19; and

WHEREAS, the Chief United States District Judge for this District has been granted the authority and responsibility to address the issues set forth herein pursuant to section 15002(b) of the CARES Act; and

WHEREAS, the Chief Judge finds that felony pleas under Rule 11 of the Federal Rules of Criminal Procedure, and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure, cannot be conducted in person without seriously jeopardizing public health and safety, it is, on the motion of the Chief Judge,

IT IS THEREFORE ORDERED that this Court's Order of June 26, 2020 [Doc. 6] is hereby extended as follows: that video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, is AUTHORIZED for use for the following criminal proceedings, only with the consent of the defendant, or the juvenile, after consultation with counsel:

- Detention hearings under section 3142 of title 18, United States Code;

- Initial appearances under Rule 5 of the Federal Rules of Criminal Procedure;

- Preliminary hearings under Rule 5.1 of the Federal Rules of Criminal Procedure;

- Waivers of indictment under Rule 7(b) of the Federal Rules of Criminal Procedure;

- Arraignments under Rule 10 of the Federal Rules of Criminal Procedure;

- Probation and supervised release revocation proceedings under Rule 32.1 of the Federal Rules of Criminal Procedure;

- Pretrial release revocation proceedings under section 3148 of title 18, United States

Code;

- Appearances under Rule 40 of the Federal Rules of Criminal Procedure;

- Misdemeanor pleas and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure; and

- Proceedings under chapter 403 of title 18, United States Code (the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings; and it is further

ORDERED that if the district judge in a particular case finds for specific reasons that a felony plea under Rule 11 of the Federal Rules of Criminal Procedure, a felony sentencing under Rule 32 of the Federal Rules of Criminal Procedure, or any equivalent plea and sentencing, or disposition, proceedings under the Federal Juvenile Delinquency Act cannot be further delayed without serious harm to the interests of justice, then, with the consent of the defendant, or the juvenile, after consultation with counsel, the plea, sentencing, or equivalent proceeding may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available; and it is further

ORDERED that this Standing Order shall be effective immediately upon the expiration of the September 22, 2020 Standing Order [Doc. 8], as amended [see, Doc. 9], and it shall remain in effect for 90 days from said effective date (through March 23, 2021), unless earlier modified or rescinded. If, in 90 days from the date of this Order, the President's emergency declaration remains in effect, along with the Judicial Conference's finding that the emergency conditions will materially affect the functioning of the federal courts, the Chief Judge shall review the authorization described in this Order and determine whether it shall be extended. Such reviews will occur not less frequently than once every 90 days, until the last day of the covered emergency period or until the Chief Judge determines that the authorization is no longer

warranted.

SO ORDERED, THIS 21st DAY OF DECEMBER 2020.

Martin Reidinger
Chief United States District Judge

Signed: December 21, 2020